IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Cyril E. Garrett,               )     C. A. No. 2:09-0798-JFA-RSC
                                )
            Plaintiff,          )
                                )
        -versus-               )     **REPORT AND RECOMMENDATION**
                                )
Michael J. Astrue,             )
Commissioner of Social         )
Security,                       )
                                )
            Defendant.          )

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District and on consent of the parties. 28 U.S.C. § 636(c).

The plaintiff, Cyril E. Garrett, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

On October 12 and October 14, 2005, the plaintiff filed an applications for disability insurance benefits and supplemental security income benefits, respectively, alleging that he became unable to work on November 20, 2004, due to bipolar disorder,

intermittent explosive disorder, anti-social personality disorder
and a history of poly substance abuse. The applications were
denied initially and on reconsideration by the Social Security
Administration. On August 30, 2006, the plaintiff requested a
hearing. The administrative law judge before whom the plaintiff
appeared on October 8, 2008, with his attorney and vocational
expert, Dr. Thomas C. Neil, considered the case de novo. (Tr. 30-
57). On December 19, 2008, the administrative law judge found
that the plaintiff was not disabled under a disability as defined
in the Social Security Act, as amended. (Tr. 12-21). The
administrative law judge's opinion became the final decision of
the Commissioner of Social Security when it was approved by the
Appeals Council on February 27, 2009.

In making the determination that the plaintiff is not
entitled to benefits, the Commissioner adopted the following
findings of the administrative law judge:

> 1. The claimant meets the insured status
> requirements of the Social Security Act through
> December 31, 2008.
>
> 2. The claimant has not engaged in substantial
> gainful activity since November 30, 2004, the
> alleged onset date (20 CFR 404.1571 et seq., and
> 416.971 et seq.). ...
>
> 3. The claimant has the following severe
> impairments: bipolar disease, intermittent
> explosive disorder, anti-social personality
> disorder and a history of polysubstance abuse (20
> CFR 404.1521 et seq. and 416.921 et seq.).

2

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926). ...

5.    After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: restricted to unskilled work, in a low stress environment with no jobs with high production requirements and no jobs where workers are paid on a piece-rate basis, and with no public contact or no direct "team-type" contact with coworker. ...

6.    The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). ...

7.    The claimant was born on February 2, 1964, and was 40 years old, which is defined as a younger individual 49 or less, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.    The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.    Transferability of jobs skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a). ...

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 20, 2004, through the date of this

3

decision (20 CFR 404.1520(g) and 416.920(g)).
Tr. 14-21.

## STANDARD OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. <u>Myers v. Califano</u>, 611 F.2d 980, 982-83 (4th Cir. 1988); <u>Richardson v. Califano</u>, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 390 (1971). Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. <u>Shivey v. Heckler</u>, 739 F.2d 987, 989 (4th Cir. 1984). The court's scope of review is specific and narrow. It does not conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405(g) (1982); <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20

4

C.F.R. §§ 404.1520, 1520a (1988). An administrative law judge
must consider (1) whether the claimant is engaged in substantial
gainful activity, (2) whether the claimant has a severe
impairment, (3) whether the claimant has an impairment which
equals a condition contained within the Social Security
Administration's official listing of impairments (at 20 C.F.R.
Pt. 404, Subpart P, App. 1), (4) whether the claimant has an
impairment which prevents past relevant work, and (5) whether the
claimant's impairment prevents him from any substantial gainful
employment. If an individual is found not disabled at any step,
further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); Hall v.
Harris, 658 F.2d 260 (4th Cir. 1981). An administrative law
judge's factual determinations must be upheld if supported by
substantial evidence, and proper legal standards were applied.
Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

## QUESTIONS PRESENTED

By brief[1] the plaintiff asserted that:

> 1. The administrative law judge failed to address
> a listed impairment as required at Step Three of
> the Sequential Evaluation Process. Plaintiff

---

[1] At oral argument the plaintiff indicated that he "did not
expect to get paid for 2004, 2005, or 2006" because the plaintiff
was noncompliant with his doctor's orders to take his
medications. Instead he argued that he had been compliant with
his doctor's orders in 2007. However the administrative law
judge's denial was not based on noncompliance so the questions
presented by brief will be considered rather than whether the
plaintiff was noncompliant from 2007.

argued that he meets Listings 12.04 regarding
affective disorders and 12.08 regarding
personality disorders.

2. The finding of the administrative law judge
that Plaintiff has the residual functional
capacity to perform a full range of work at all
exertional levels but with non-exertional
limitations, is not supported by substantial
evidence. Specifically, the administrative law
judge erred in disregarding the opinions of the
plaintiff's physicians, Drs. Riddle and Cosher,
and of Lawrence McClintock, Plaintiff's
caseworker.

## LISTING OF IMPAIRMENTS

Disability may be determined with reference to a "Listing of
Impairments" contained in regulations promulgated by the
Commissioner. A claimant may be found disabled if his impairment
or impairments have specific clinical findings that are the same
as those for any listed impairment or are medically equivalent to
those for any listed impairment.

§ 404.1525 Listing of Impairments in appendix 1 states:

(a) Purpose of the Listing of Impairments. The
Listing of Impairments describes, for each of the
major body systems, impairments which are
considered severe enough to prevent a person from
doing any gainful activity. Most of the listed
impairments are permanent or expected to result in
death, or a specific statement of duration is
made. For all others, the evidence must show that
the impairment has lasted or is expected to last
for a continuous period of at least 12 months.

## LISTING 12.04 and 12.08

The administrative law judge found that the plaintiff did
not meet or equal the "paragraph B" criteria for Affective

6

Disorders, listed under 12.04, due to his bipolar disorder and intermittent explosive disorder. The 12.04 Listing requires and Plaintiff has a "[m]edically documented persistence, either continuous or intermittent, of ... depressive syndrome characterized by" all of the following: (1) anhedonia or pervasive loss of interest in almost all activities; (2) decreased energy; (3) feelings of guilt or worthlessness; (4) difficulty concentrating or thinking; and (5) thoughts of suicide.

The administrative law judge also found that the plaintiff's anti-social personality disorder did not meet the "paragraph B" criteria for Listing 12.08 Personality Disorders. The Listing requires and Plaintiff's medical record documents his "[d]eeply ingrained, maladaptive patterns of behavior associated with" all of the following: (1) seclusiveness or autistic thinking; (2) pathologically inappropriate suspiciousness or hostility; (3) oddities of thought, perception, speech and behavior; (4) persistent disturbances of mood or affect; (5) pathological dependence, passivity, or aggressivity; (6) intense and unstable interpersonal relationships and impulsive and damaging behavior.

The "Paragraph B" criteria of 12.04 and 12.08 require that a plaintiff' s mental disorder result in at least two of the following: (1) marked restriction of activities of daily living; or (2) marked difficulties in maintaining social functioning; or

7

(3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. The term "marked" is "a standard for measuring the degree of limitation, it means more than moderate but less than extreme. A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis." See, §§ 404.1520a and 416.920a.

                              DISCUSSION

     A review of the record and relevant case law indicates that substantial evidence supports the administrative law judge's finding that although the plaintiff did have repeated episodes of decompensation each of extended duration, the plaintiff did not carry his burden to show that he had marked limitations in daily living; maintaining concentration, persistence or pace; or in maintaining social functioning.

     The administrative law judge found that the plaintiff had mild restrictions of daily living, and moderate restrictions in maintaining concentration, persistence or pace, and moderate difficulty in maintaining social functioning. Neither state agency psychologists who reviewed Plaintiff's medical records found that he had marked limitations in any of these areas of

                                  8

functioning (Tr. 325-38, 343-56). See, SSR 96-6p (at step three
of the sequential evaluation process, the judgement of a state
agency physician must be received into the record as expert
opinion evidence). Plaintiff's activities, which included
looking for work, spending time with his friends, participating
in church activities, caring for his own personal needs, riding
the bus, and working on a rental home do not support a finding
that he had marked limitations in daily living; maintaining
concentration, persistence, or pace; and maintaining social
functioning (Tr. 110, 152, 224, 245, 254). Additionally, none of
Plaintiff's treating or examining medical sources noted that he
had marked limitations. To the contrary, they repeatedly
observed that Plaintiff was alert and properly oriented, had a
stable mood, interacted appropriately, and was generally
functioning well when compliant with his treatment regimen which
supports the conclusion of the administrative law judge. (Tr.
110, 142, 143, 153, 156, 170, 171, 224, 245, 256). In sum, the
administrative law judge's opinion is supported by substantial
evidence and should be affirmed.

## TREATING PHYSICAN'S OPINIONS

The plaintiff next contends that in his decision (Tr. 19),
the administrative law judge erred in giving no weight to the
statements of Dr. Coshal, Dr. Riddle and Mr. McClintock,

9

indicating that Plaintiff could not work (Tr. 19, 300, 315-18, 319-20).

One of the functions of the administrative law judge is to weigh and resolve conflicting medical evidence. See, Moss v. Gardner, 411 F.2d 1195 (4th Cir. 1969). However, an administrative law judge may not substitute the his or her own untrained medical opinion for that of a medical professional. See, Wilson v. Heckler, 743 F.2d 218 (4th Cir. 1984). If a court finds that a treating source's opinion on the issue(s) of the nature and severity of the impairment(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, the court will give it controlling weight. See, Stroup v. Apfel, 205 F.3d 1334 (4th Cir. 2000).

## DISCUSSION

A review of the record and relevant case law reveals that substantial evidence supports the administrative law judge's decision to disregard the statements of Drs. Coshal and Riddle and caseworker McClintock and should be upheld.

The administrative law judge found that these opinions contradicted these medical providers' own contemporaneous treatment notes. For example, while Mr. McClintock echoed Dr. Riddle's statements on January 26, 2006, that it was unlikely that Plaintiff would be able to perform gainful employment (Tr.

10

300, 315-18), McClintock reported on November 22, 2005, that Plaintiff's condition was stable when he took his medications and was capable of caring for his own personal needs (Tr. 110). Treatment notes dated January 28, 2006, state that Plaintiff had improved after he was started back on his medications (Tr. 161). On March 14, 2006, in contrast to Dr. Coshal's February 2006 opinion of work related limitations (Tr. 319-20), McClintock found plaintiff had been "functioning well in the community" (Tr. 156). On March 28, 2006, Plaintiff appeared to McClintock to be psychiatrically stable and was not experiencing any psychotic or depressive symptoms or suicidal/homicidal thoughts (Tr. 155). In April and May 2006, Plaintiff was compliant with his treatment, was "functioning well" and was doing work on a rental home (Tr. 152-53). These treatment notes do not reflect disabling symptoms while Plaintiff is compliant with his medication. See, e.g., Montgomery v. Chater, 107 F.3d 866 (4th Cir. 1997) (administrative law judge's finding that treating physician's opinion was not persuasive upheld, in part, because his opinion was unsupported by contemporaneous treatment records).

While reasonable people may disagree as to the extent of the plaintiff's impairments, it appears that substantial evidence supports the administrative law judge's decision and it should be affirmed.

11

## **CONCLUSION**

Accordingly for the aforementioned reasons, it is recommended that the Commissioner's decision be upheld.

Respectfully Submitted,

*Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January 21, 2010